# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA    :
                    :     CRIMINAL NO. 23-77-BAJ-RLB
*versus*          :
                    :
HANNAH KINCHEN          :

## UNITED STATES' MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS

The United States of America, through the undersigned Assistant United States Attorney, respectfully requests that the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, enter an order prohibiting the unauthorized disclosure of discovery materials or information contained therein to non-litigants. In support of this motion, the United States submits the following:

1.

The defendant, Hannah Kinchen, stands indicted for production and attempted production of child pornography, and distribution of child pornography.

2.

The defendant made her initial appearance and pleaded not guilty.

3.

The United States has identified a voluminous amount of discovery material containing personal identifying information, as outlined in Rule 49.1 of the Federal Rules of Criminal Procedure. These materials will be disclosed to the defense within the timeframe provided by the Court's scheduling orders. However, the United States requests a Rule

16(d)(1) protective order for the purpose of safeguarding the contents of the discovery disclosures.

4.

The instant prosecution involves a substantial amount of personal identifying information which is contained in the records, including bank statements, copies of identification documents, and investigative reports.  Collectively, these records are hereinafter referred to as the "discovery materials."  Among other things, the personal identifying information in the discovery materials includes social security numbers, birthdates, home addresses, telephone contact numbers, and financial account numbers.

5.

Some of the documentary evidence containing the sensitive, private information is material and necessary to the prosecution and defense of this case.  Because of the volume of records at issue however, it was not reasonably possible to produce most of the information to the defendant in redacted form. Moreover, heavy redaction of the documents may hinder defense counsel's ability to review and most effectively utilize the materials.

6.

The United States respectfully submits that because of the volume and nature of the discovery materials in this case, it is appropriate for the Court to enter a Protective Order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, containing the following provisions:

a. Defense counsel shall use the information, documents, and other materials provided through discovery solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding without further Order of this Court.

b. Defense counsel shall securely maintain the information, documents, and other materials provided through discovery.

c. Upon the receipt of documents or other materials containing personal identifying information (including social security numbers, addresses, financial account numbers, and dates of birth, witness statements in any form, or other records), defense counsel is to take all steps necessary to ensure that these materials are not disseminated to anyone other than the defense attorney, his or her staff (including investigators or experts), or the defendant (collectively, "authorized persons"), for use in connection with the defense of this case.

d. Defense counsel should inform authorized persons who receive the discovery materials that the materials are provided subject to the terms of a Protective Order and that the authorized person must comply with the terms of a Protective Order.

e. The discovery materials may not be used by the defendant for any other purpose, or be furnished to anyone else by the defendant.

f. No discovery materials may be left unattended at any place where it can be taken or copied by anyone who is not an authorized person.

g. Discovery materials and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than the defendant, defense counsel, persons employed to assist

in the defense, individuals who are interviewed as potential witnesses in the case, or such other persons as to whom the Court may authorize disclosure.

h. The discovery materials shall not be copied or reproduced except as necessary to provide copies of the materials to an authorized person as described above to prepare or assist in the defense, and all such copies or reproductions shall be treated in the same manner as the original matter.

i. Upon completion of this case, existing copies of the materials provided to any authorized person shall be shredded or returned to the government.

j. The disclosure or provision of documents or materials by the government to the defendant shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

k. The Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

l. Nothing in this Protective Order shall prevent any party from applying to the Court for further relief or for modification of any provision herein.

7.

The United States has consulted with counsel for the defendant, who has no objection to the proposed Protective Order.

WHEREFORE, the United States respectfully prays for the above relief.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
 UNITED STATES ATTORNEY

/s/ Kristen L. Craig
Kristen Lundin Craig, LBN 32565
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: kristen.craig@usdoj.gov

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA  :
           :  CRIMINAL NO. 23-77-BAJ-RLB
  *versus*       :
           :
HANNAH KINCHEN    :

# <u>ORDER</u>

This matter having come before the Court on the motion of the United States, by and through its undersigned counsel, and the Court having found that entering a Protective Order regarding discovery materials is appropriate, and for good cause shown,

**IT IS HEREBY ORDERED** pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that the following provisions shall govern the handling of discovery in this matter:

a. Defense counsel shall use the information, documents, and other materials provided through discovery solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding without further Order of this Court.

b. Defense counsel shall securely maintain the information, documents, and other materials provided through discovery.

c. Upon the receipt of documents or other materials containing personal identifying information (including social security numbers, addresses, financial account numbers, and dates of birth, witness statements in any form, personal emails, or other records), defense counsel is to take all steps necessary to ensure that these materials are not disseminated to anyone other than the defense attorney, his or her staff (including

investigators or experts), or the defendant (collectively, "authorized persons"), for use in connection with the defense of this case.

d.  Defense counsel should inform authorized persons who receive the discovery materials that the materials are provided subject to the terms of a Protective Order and that the authorized person must comply with the terms of a Protective Order.

e.  The discovery materials may not be used by the defendant for any other purpose, or be furnished to anyone else by the defendant, without further Order of this Court.

f.  No discovery materials may be left unattended at any place where it can be taken or copied by anyone who is not an authorized person.

g.  Discovery materials and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than the defendant, defense counsel, persons employed to assist in the defense, individuals who are interviewed as potential witnesses in the case, or such other persons as to whom the Court may authorize disclosure.

h.  The discovery materials shall not be copied or reproduced except as necessary to provide copies of the materials to an authorized person as described above to prepare or assist in the defense, and all such copies or reproductions shall be treated in the same manner as the original matter.

i.  Upon completion of this case, existing copies of the materials provided to any authorized person shall be shredded or returned to the government.

j.  The disclosure or provision of documents or materials by the government to the defendant shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

2

k.  This Protective Order does not constitute a ruling on the question of whether any

particular material is properly discoverable or admissible and does not constitute any

ruling on any potential objection to the discoverability of any material.

l.  Nothing in this Protective Order shall prevent any party from applying to the Court

for further relief or for modification of any provision herein.


**SO ORDERED** this _____ day of September, 2023, at Baton Rouge, Louisiana.


_____
HONORABLE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

3