**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET NO. 23-77-BAJ-RLB |
| VERSUS | JUDGE BRIAN A. JACKSON |
| HANNAH KELLY KINCHEN | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL DISCOVERY**

**HANNAH KELLY KINCHEN**, by and through the undersigned counsel, respectfully submits this motion to compel discovery, for the reasons set forth below.

1. On May 7, 2024, undersigned counsel for the defense made an erroneous representation to the Court that "discovery was complete" and that the defense would be filing a "Motion to Quash" the indictment. After extensive review of the discovery received, and the difficulty in examining the discovery at the FBI office on two occasions, along with procedural mechanisms available to the defense, it has become clear that the proper way to move forward is a "Motion to Compel Discovery."

3. The United States made a timely disclosure of discovery in this case with an initial disclosure on October 4, 2023; and supplemental disclosure on January 25, 2024. Additionally, counsel for the defense has been allowed to examine the photographs that are the subject of this prosecution on two separate occasions: January 22, 2024, and May 1, 2024.

4. The first visit to the FBI office in Baton Rouge on January 22, 2024, to examine the images was without substantial progress. There are seemingly more than 1000 images, defense counsel has

no idea how many in total[1], all of the same MINOR VICTIM A. At this initial visit it was completely unclear which images were those that were the subject of the indictment. Nor was it possible to identify the images as they were not BATES stamped or otherwise individually identified in a manner that was accessible to the defense.

5.  At the visit on January 22, 2024, defense counsel did not observe a single picture where MINOR VICTIM A was unclothed or where the genitalia of MINOR VICTIM A was exposed in any way. Nor was there any picture with any other person, or where MINOR VICTIM A was performing any kind of sexual act. This after asking the agents in the investigation to, "show me the child pornographic images please, the ones from which these charges arise."

6.  Subsequent to the evidence examination on January 22, 2024, but prior to the second, defense counsel and the United States Attorney handling this case communicated in an effort to identify those images that were the subject of this prosecution. It was conveyed to defense counsel that the United States did not believe that any of the images in this case showed MINOR VICITM A naked, nor were there any images exposing the genitalia of MINOR VICTIM A, but rather the United States represented that neither nudity nor exposure of the genitalia were necessary for the images to be child sexual abuse material (CSAM).

7.  A second evidence examination was arranged for May 1, 2024.

8.  The second visit to the FBI office in Baton Rouge on May 1, 2024, found the evidence in the same state it was in at the first examination, except that it was clear to the defense counsel as to an

---

[1] There is a investigatory document asserting that four (4) storage devices were located among approx. 30 devices, that contained "potential" CSAM: NOC510557 and NOC510553 approx. 20 images; NOC510526, NOC510527, NOC510529, and NOC510533 approx. 40 images; NOC510544 approx. 45 images; NOC510542 approx. 250 images; and NOC510561_1B30_hotos_2wsx approx.. 800 images.

individual identification number of each image – not BATES numbering, but rather a file number in the folders on the computer used to view the pictures. None of the images was identified in any apparent way to associate them with the investigatory documents provided to the defense, but rather they were just in folders on a computer, with unassociated file names/numbers.

9. Defense counsel made an effort to catalogue the various outfits in each set of images, in an attempt to differentiate one from the other, and took some notes on various sets of images, identifying the images by outfit and the available file numbers.

10. At least 99% of images, the defense contends all of them, cannot be reasonably asserted to be "sexual abuse material" and/or visual depictions of sexually explicit conduct or "child pornography" as defined in the Federal law requiring a "visual depiction" of "sexually explicit conduct". [2] Despite the nature of virtually all of the discovery, the defense has not been given a copy or allowed to copy any of the non-CSAM images in the possession of the United States.

11. In order for the defense to prepare for trial it is necessary that the defendant be able to review the non-CSAM images at her convenience and with the assistance of her counsel.

12. Additionally, the defense is left with the belief, after seeing what has been represented to the defense as "all' of the pictures, that in fact all of the pictures have not been made available. It is not the assertion of the defense that this is a purposeful effort to obscure or hide evidence, but rather that the United States attorney, nor any representative from the office of the United States Attorney, was present during either evidence review and as such, the evidence being reviewed and the evidence to be used at trial may not be wholly the same.

---

[2] 18 USCA Sec. 2256, "Definitions for chapter", Chapter 110. "Sexual Exploitation and other Abuses of Children."

15. The defense is specifically requesting the United States copy and produce, or allow the defense to copy all images in the possession of the United States that are not CSAM in accord with the Federal Rules of Criminal Procedure.

16. The defense has no way of knowing if all of the evidence has been produced for inspection, or physically produced (none has been as of the filing of this motion), in this case. Nor is it possible for the Court to know at trial if all of the images were produced or made available for inspection, as there is no production by the United States, of any kind, identifying the images and/or the number of images in total. Nor is there a BATES stamped list of images with descriptions and/or file names to be sure that all images have been made available for inspection or turned over to the defense. Nor is there any differentiation between those images that are not "child pornography" or CSAM, and those that are simply innocuous images of MINOR VICTIM A (addressed more fully in "Motion to Compel Discovery").

17. As of the time of the filing of this motion and as the discovery disclosures and inspections in this matter stands, the defendant cannot know that her counsel has been able to review all of the images in the possession of the United States. Nor is there any way to show at trial on the matter, if there is a dispute related to images made available for inspection or not, that the images were in fact made available.

**WHEREFORE, HANNAH KELLY KINCHEN** prays that this Court order the United States to answer this Motion and produce a copy of all non-CSAM images, or in the alternative allow the defense to copy all non-CSAM images, or set this matter for hearing on the motion at the Court's convenience.

RESPECTFULLY SUBMITTED:


_/s/ Jarrett P. Ambeau_____
JARRETT P. AMBEAU (32089)
THE AMBEAU LAW FIRM
8460 Bluebonnet Blvd., Ste. A
Baton Rouge, LA 70810
Telephone: (225) 330-7009
Facsimile: (225) 960-5864
Email: jarrett@ambeaulaw.com

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL DOCKET NO. 23-77-BAJ-RLB** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **HANNAH KELLY KINCHEN** | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, a copy of the foregoing *Motion for Bill of Particulars* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to ECF/Email to all parties by operation of the court's electronic filing system.

                                          s/Jarrett P. Ambeau
                                           Jarrett P Ambeau