UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET NO. 23-77-BAJ-RLB |
| VERSUS | JUDGE BRIAN A. JACKSON |
| HANNAH KELLY KINCHEN | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR BILL OF PARTICULARS
PURSUANT TO FRCRP RULE 7(f)**

**HANNAH KELLY KINCHEN**, by and through the undersigned counsel, respectfully submits this motion for Bill of Particulars, for the reasons set forth below.

1. On May 7, 2024, undersigned counsel for the defense made an erroneous representation to the Court that "discovery was complete" and that the defense would be filing a "Motion to Quash" the indictment. After extensive review of the discovery received, and the difficulty in examining the discovery at the FBI office on two occasions, along with procedural mechanisms available to the defense, it has become clear that the proper way to move forward is a "Motion to Compel Discovery" and "Motion for Bill of Particulars."

2. A "Motion to Compel Discovery" has been filed concurrent with this motion.

**MOTION FOR BILL OF PARTICULARS**

3. In accord with Federal Rule of Criminal Procedure, Rule 7(f), the court may direct the government to file a bill of particulars to, among other issues, inform the defendant of the nature of the charges brought against them, (2) to adequately prepare a defense, and (3) to avoid surprise during trial. The purpose of which is to give the defense sufficient particularized information as to enable adequate trial preparation.

4.  Mrs. Kinchen was indicted on September 7, 2023[1], with the following relevant language in the indictment:

> 1) "COUNT ONE", Conspiracy to Produce Child Pornography, in that the defendant herein conspired to have MINOR VICTIM A, "…engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct…," and
>
> 2) "COUNT TWO", Production of Child Pornography, in that the defendant herein having control of MINOR VICTIM A, did knowingly permit her to, "…engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct…," and
>
> 3) "COUNT THREE", Conspiracy to Distribute Child Pornography, in that the defendant herein conspired to, "…knowingly distribute child pornography and material that contains child pornography…, and
>
> 4) "COUNT FOUR", Receipt of Child Pornography, in that the defendant, "…attempted to and did knowingly receive child pornography and material that contains child pornography…."

3.  The United States made a timely disclosure of discovery in this case with an initial disclosure on October 4, 2023; and supplemental disclosure on January 25, 2024. Additionally, counsel for the defense has been allowed to examine the photographs that are the subject of this prosecution on two separate occasions: January 22, 2024, and May 1, 2024.

---

[1] Case Record 3:23-cr-00077-BAJ-RLB, Document 1, Filed 09/07/23.

FIRST EXAMINATION OF IMAGES

4.  The first visit to the FBI office in Baton Rouge on January 22, 2024, to examine the images was without substantial progress. There are seemingly more than 1000 images, defense counsel has no idea how many in total[2], all of the same MINOR VICTIM A. At this initial visit it was completely unclear which images were those that were the subject of the indictment. Nor was it possible to identify the images as they were not BATES stamped or otherwise individually identified in a manner that was accessible to the defense.

5.  At the visit on January 22, 2024, defense counsel did not observe a single picture where MINOR VICTIM A was unclothed or where the genitalia of MINOR VICTIM A was exposed in any way. Nor was there any picture with any other person, or where MINOR VICTIM A was performing any kind of sexual act. This after asking the agents in the investigation to, "show me the child pornographic images please, the ones from which these charges arise."

6.  Subsequent to the evidence examination on January 22, 2024, but prior to the second, defense counsel and the United States Attorney handling this case communicated in an effort to identify those images that were the subject of this prosecution. It was conveyed to defense counsel that the United States did not believe that any of the images in this case showed MINOR VICITM A naked, nor were there any images exposing the genitalia of MINOR VICTIM A, but rather the United States represented that neither nudity nor exposure of the genitalia were necessary for the images to be child sexual abuse material (CSAM).

---

[2] There is a investigatory document asserting that four (4) storage devices were located among approx. 30 devices, that contained "potential" CSAM: NOC510557 and NOC510553 approx. 20 images; NOC510526, NOC510527, NOC510529, and NOC510533 approx. 40 images; NOC510544 approx. 45 images; NOC510542 approx. 250 images; and NOC510561_1B30_hotos_2wsx approx.. 800 images.

7.      A second evidence examination was arranged for May 1, 2024.

SECOND EXAMINATION OF IMAGES

8.      The second visit to the FBI office in Baton Rouge on May 1, 2024, found the evidence in the same state it was in at the first examination, except that it was clear to the defense counsel as to an individual identification number of each image – not BATES numbering, but rather a file number in the folders on the computer used to view the pictures. None of the images was identified in any apparent way to associate them with the investigatory documents provided to the defense, but rather they were just in folders on a computer, with unassociated file names/numbers.

9.      Defense counsel made an effort to catalogue the various outfits in each set of images, in an attempt to differentiate one from the other, and took some notes on various sets of images, identifying the images by outfit and the available file numbers.

10.     As addressed in the "Motion to Compel Discovery", at least 99% of images, the defense contends all of them, cannot be reasonably asserted to be "sexual abuse material" and/or visual depictions of sexually explicit conduct or "child pornography" as defined in the Federal law requiring a "visual depiction" of "sexually explicit conduct". [3]

11.     Despite a due diligent effort by the defense, it is still unclear as to what images constitute criminal acts in the indictment. None of the images observed in either visit to the FBI office in Baton Rouge constitute "sexually explicit conduct" – no nudity, no other person in any image, no depiction of any sexual acts of any kind in any picture, and no depiction of sexual abuse of any kind in any picture.

---

[3] 18 USCA Sec. 2256, "Definitions for chapter", Chapter 110. "Sexual Exploitation and other Abuses of Children."

ARGUMENT IN FAVOR OF BILL OF PARTICULARS

12. The defense is left with the belief, after seeing what has been represented to the defense as "all" of the pictures, that in fact all of the pictures have not been made available. It is not the assertion of the defense that this is a purposeful effort to obscure or hide evidence, but rather that the United States attorney, nor any representative from the office of the United States Attorney, was present during either evidence review and as such, the evidence being reviewed and the evidence to be used at trial may not be wholly the same.

13. The only procedural mechanism that seems available to the defense to be sure that the corpus of evidence has been made available for review and preparation for trial, is a motion for a Bill of Particulars so the defense knows what images are being asserted as violations of the federal law in each count of the indictment.

14. The defense would request the Court the compel an answer to the following, and to provide to the defense the following information as to each count as detailed below:

    1) The total number of images in the possession of the United States that are either, or both, "child pornography" or "CSAM", individually BATES numbered with associated file number references.

    2) "COUNT ONE", Conspiracy to Produce Child Pornography,

        a. Identify the image or images that show MINOR VICTIM A engaged in "sexually explicit conduct"; and

        b. Where was the image found; and

        c. When was the image created (when were the pictures taken); and

        d. Who took the pictures.

3) "COUNT TWO", Production of Child Pornography,

   e. Identify the image or images that show MINOR VICTIM A engaged in "sexually explicit conduct"; and

   f. Where was the image(s) found; and

   g. When was the image(s) created (when were the pictures taken); and

   h. Who took the pictures.

4) "COUNT THREE", Conspiracy to Distribute Child Pornography,

   i. Identify the image or images that show MINOR VICTIM A engaged in "sexually explicit conduct"; and

   j. Where was the image(s) found; and

   k. When was the image(s) created (when were the pictures taken); and

   l. Who distributed the pictures and through what mechanism, electronic or otherwise, were they distributed.

5) "COUNT FOUR", Receipt of Child Pornography, in that the defendant,

   m. Identify the image or images that the defendant received on or about August 1, 2020; and

   n. Where was the image(s) found; and

   o. When was the image(s) created (when were the pictures taken); and

   p. Who took the pictures.

15. The defense has no way of knowing if all of the evidence has been produced for inspection, or physically produced (none has been as of the filing of this motion), in this case. Nor is it possible for the Court to know at trial if all of the images were produced or made available for inspection, as

there is no production by the United States, of any kind, identifying the images and/or the number of images in total. Nor is there a BATES stamped list of images with descriptions and/or file names to be sure that all images have been made available for inspection or turned over to the defense. Nor is there any differentiation between those images that are not "child pornography" or CSAM, and those that are simply innocuous images of MINOR VICTIM A (addressed more fully in "Motion to Compel Discovery").

16. As of the time of the filing of this motion and as the discovery disclosures and inspections in this matter stands, the defendant cannot know that her counsel has been able to review all of the images in the possession of the United States. Nor is there any way to show at trial on the matter, if there is a dispute related to images made available for inspection or not, that the images were in fact made available.

**WHEREFORE, HANNAH KELLY KINCHEN** prays that this Court order the United States to answer this Motion, or file the requested Bill of Particulars, or set this matter for hearing on the motion at the Court's convenience.

RESPECTFULLY SUBMITTED:

 /s/ Jarrett P. Ambeau
JARRETT P. AMBEAU (32089)
THE AMBEAU LAW FIRM
8460 Bluebonnet Blvd., Ste. A
Baton Rouge, LA 70810
Telephone: (225) 330-7009
Facsimile: (225) 960-5864
Email: jarrett@ambeaulaw.com

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL DOCKET NO. 23-77-BAJ-RLB** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **HANNAH KELLY KINCHEN** | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, a copy of the foregoing *Motion for Bill of Particulars* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to ECF/Email to all parties by operation of the court's electronic filing system.

                                            s/Jarrett P. Ambeau
                                            Jarrett P Ambeau