**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 23-77-BAJ-RLB |
| *versus* | : | |
| | : | |
| HANNAH KINCHEN | : | |

**MEMORANDUM IN SUPPORT OF *MOTION IN LIMINE*
TO EXCLUDE IMPROPER EVIDENCE AND ARGUMENTS**

The United States hereby moves *in limine* to exclude from trial any evidence (testimonial or otherwise) and arguments regarding any of the following issues:

(1) That a conviction under 18 U.S.C. §§ 2251(a), (b), and (e) or 2252A(a)(2) and (b)(1) requires a depiction of nude children or children's nude genitals;

(2) That the defendant subjectively believed the images taken of Minor Victim A were legal; and

(3) The potential penalties the defendant may face if convicted.

**I.     BACKGROUND**

On numerous occasions between July 2020 and October 2020, the defendant brought Minor Victim A, then twelve years old, to a photographer, identified as Co-Conspirator 1 in the Indictment, whom she knew to be an admitted pedophile, to take lascivious and sexualized photos of Minor Victim A that could be sold for profit online to other pedophiles. The images produced during the shoots featured Minor Victim A wearing string bikinis or lingerie while positioned in sexually suggestive poses. Many of the photos were taken of Minor Victim A from behind with the focus on her buttocks and genitalia. Minor Victim A's face is not visible in these images. At trial, the United States intends to prove, among other things, that the

1

defendant organized, facilitated, was present for, and participated in all of the photo shoots; and the defendant was paid for the sale of the images of Minor Victim A to pedophiles.

## II. ARGUMENT

### A. "Lascivious Exhibition of the Genitals or Pubic Area" Does Not Require Nudity.

The defendant may contend at trial that her conduct cannot violate the offenses charged in the Indictment because the images do not depict Minor Victim A's nude genitals. This is incorrect and would serve only to confuse and mislead the jury. The Court should therefore exclude any such testimony, argument, or evidence under Federal Rule of Evidence 403.

#### 1. Federal Child Pornography Statutes Do Not Require Nudity

For purposes of the statutes with which the grand jury charged the defendant, child pornography is a visual depiction of a minor engaged in sexually explicit conduct. *See* 18 U.S.C. §§ 2251(a), 2251(b), 2256(8)(a). "Sexually explicit conduct" means intercourse, bestiality, masturbation, sadistic or masochistic abuse, or a "lascivious exhibition of the anus, genitals or pubic area of a person." 18 U.S.C. §2256(2)(A)(v); *see also* Fifth Cir. Patt. Jury Instr. Nos. 2.84, 2.85, 2.85D (2019).

On its face, the statutory definition in § 2256(2)(A)(v) contains no nudity requirement. It does not require a depiction of the *naked* genitals or *naked* pubic area of any person. Congress could have included such a requirement and did not do so. The plain text of the statute thus resolves the question of whether nudity is required for a violation of the statutes charged in the Indictment: it is not.

Other legislative materials support this conclusion. In particular, Congress declared in 1994 that "in enacting sections 2252 and 2256 of title 18, United States Code, it was and is the

2

intent of Congress that . . . the scope of 'exhibition of the genitals or pubic area' in section 2256(2)(E) [now 2256(2)(A)(v)], in the definition of 'sexually explicit conduct', is not limited to nude exhibitions or exhibitions in which the outlines of those areas were discernable through clothing[.]" Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322 § 160003(a)(1), 108 Stat. 1796.

The Fifth Circuit has defined a "lascivious exhibition" as "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *United States v. McCall*, 833 F.3d 560, 563 (5th Cir. 2016) (quoting *United States v. Steen*, 634 F.3d 822 (5th Cir. 2011)). To determine whether a visual depiction constitutes a lascivious exhibition, a jury must consider the overall content of the material. *See* Fifth Cir. Patt. Jury Instr. Nos. 2.84, 2.85, 2.85D (2024). The jury may consider such factors as: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; (3) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the depiction is designed to elicit a sexual response in the viewer. This list of factors is derived from *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd* 813 F.2d 1231 (9th Cir. 1987), and is commonly known as the "*Dost* factors." The fourth *Dost* factor clearly contemplates that an image can be child pornography if the child is "**fully or partially clothed, or nude**." *United States v. Carroll,* 190 F.3d 290, 297 (5th Cir. 1999); *see also United States v. Rubio,* 834 F.2d 442, 448 (5th Cir. 1987). The *Dost* factors are non-exhaustive, and the ultimate determination

3

must be made "based on the overall content of the visual depictions." *United States v. Barry*, 634 F. App'x 407, 413 (5th Cir. 2015) (unpublished) (per curiam) (quoting *Steen,* 634 F.3d at 827).

## 2. The Courts of Appeals, including the Fifth Circuit, have consistently held that child pornography laws do not require nudity.

The landmark case concerning non-nude child pornography is *United States v. Knox,* in which the Third Circuit Court of Appeals held that "the federal child pornography statute, on its face, contains no nudity or discernability requirement [*i.e.* that the outline of a child's genitals be discernable under clothing], [and] that non-nude visual depictions… can qualify as lascivious exhibitions." 32 F.3d 733, 737 (3d. Cir. 1994). In addition, the *Knox* court highlighted that the "underlying rationale for the federal pornography laws also supports the conclusion that clothed exhibitions of the genitalia are proscribed." *Id.* at 749. The depiction of children in child pornography is devastating and harmful to the child's emotional and psychological health, and the continued trafficking of those images may haunt the child for the rest of his or her life. As the court in *Knox* explained:

> The harm Congress attempted to eradicate by enacting the child pornography laws is present when a photographer unnaturally focuses on a minor child's clothed genital area with the obvious intent to produce an image sexually arousing to pedophiles. The child is treated as a sexual object and the permanent record of this embarrassing and humiliating experience produces the same detrimental effects to the mental health of the child as a nude portrayal. The rationale underlying the statute's proscription applies equally to *any lascivious* exhibition of the genitals or pubic area whether these areas are clad or completely exposed.

*Id.* at 750 (emphasis in the original).

A few years after *Knox* was decided, the Fifth Circuit in *Carroll* noted this holding from *Knox* with approval while affirming a district court's finding that a videotape that only

4

briefly exposed a boy's genitals qualified as "lascivious exhibition." 190 F.3d 290 at 298 n.7 (5th Cir. 1999) ("Lascivious exhibition of the genital or pubic area does not require full or partial nudity.") (citing *Knox*, 32 F.3d at 744)), *opinion withdrawn in part on other grounds*, 227 F.3d 486 (5th Cir. 2000); *see also United States v. Boudreau*, 250 F.3d 279, 283 n.4 (5th Cir. 2001) (citing *Carroll* and *Knox*).

Some of the images in a different Fifth Circuit case, *United States v. Villasenor*, were similar to many of the sexually explicit images in this case. 236 F.3d 220 (5th Cir. 2000). And in *Villasenor*, the Fifth Circuit held that photographs "highlight[ing] the pubic area of a 15-year-old girl dressed in leopard skin panties and a black bra . . . would be sexually suggestive[,]" rejecting the defendant's argument that such photographs did not amount to a "lascivious exhibition" of the girl's genitals or public area. *Id.* at 224. The court clarified that "[w]hether the girl was wearing panties is therefore not dispositive." *Id.*

Other courts of appeal have held similarly. For example, in *United States v. Price,* the Seventh Circuit emphasized that there is "no nudity requirement in the statutory definition of 'sexually explicit conduct,' of which 'lascivious exhibition of the genitals or pubic area' is a part." 775 F.3d 828, 837 (7th Cir. 2014). In another example, the Tenth Circuit in *United States v. Helton* affirmed a finding that a video of "an eleven-year-old wearing opaque underpants" can amount to a lascivious exhibition of the genitals or pubic area." 302 F. Appx 842, 844 (10th Cir. 2008). The Eighth and Eleventh Circuits have reached similar conclusions. *See, e.g., United States v. Horn,* 187 F.3d 781, 789-90 (8th Cir. 1999) (concluding that "sexually explicit conduct" was present in freeze-framed depictions of girls wearing swimsuit bottoms at a topless beach because "a reasonable jury could conclude that the exhibition of the pubic area was lascivious despite this minimal clothing because of the way in which the

5

pictures are framed"); *United States v. Williams,* 444 F.3d 1286, 1299 (11th Cir. 2006) (observing that "pictures needn't always be 'dirty' or even nude depictions to qualify" as lascivious), *rev'd on other grounds*, 553 U.S. 285 (2008).

While the defendant may argue that lack of nudity is one of several factors that the jury *may* consider in determining whether the images in this case violate federal law, any testimony, argument, or evidence suggesting that nudity is *required* would be prejudicial and risk misleading the jury, and therefore should be excluded under Rule 403.

**B.      The Defendant's belief about the legality of the images is irrelevant and prejudicial.**

The defendant may also argue that she believed the images taken of Minor Victim A were legal. A defendant's personal belief of the legality of the content, however, is not a defense to the charges in the indictment. Accordingly, any such testimony, argument, or evidence is irrelevant and should be excluded under Federal Rule of Evidence 402. It is also highly prejudicial to the United States and should likewise be excluded under Rule 403.

As set forth above, images and videos that depict the lascivious exhibition of a minor's clothed genitals or pubic areas are illegal. Whether or not the defendant knew this, a defendant's ignorance of the law is not a defense.

In addition, most of the statutes charged in the Indictment require only that the criminal acts be done "knowingly." 18 U.S.C. §2251(b) & (e); § 2252A(a)(2) & (b)(1). An act is done "knowingly" when it is "performed voluntarily and intentionally, and not because of a mistake or accident." Fifth Cir. Patt. Jury Instr. 1.41 (2024). The United States Supreme Court has held that the "knowing" element under 18 U.S.C § 2252 requires the defendant to have engaged in the prohibited acts while knowing the sexually explicit nature of the material and also that

6

the material depicted minors. *United States v. X-Citement Video, Inc.,* 513 U.S. 64, 78 (1994). The government does "not need to show, however, that the defendant knew the material was in fact illegal" at the time of the prohibited act. *United States v. Silva,* 794 F.3d 173, 182 (1st Cir. 2015). Instead "a defendant generally must 'know the facts that make his conduct fit the definition of the offense,' even if he does not know that those facts give rise to a crime." *Elonis v. United States,* 575 U.S. 723, 735 (2001) (quoting *Staples v. United States*, 511 U.S. 600, 608 & n. 3 (1994)); *see also United States v. Williams*, 553 U.S. 285, 301 (2008) ("The defendant must believe that the picture contains certain material, and that material in fact (and not merely in his estimation) must meet the statutory definition."); *Hamling v. United States*, 418 U.S. 87, 123 (1974) ("To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law.")

Courts have consistently held that the child pornography laws do not require the defendant to have known that the content in question is illegal. For example, in *Knox*, the Third Circuit held that "to fulfill the knowledge element of § 2252, a defendant simply must be aware of the general nature and character of the material and need not know that the portrayals are illegal. The child pornography laws would be eviscerated if a pedophile's personal opinion about the legality of sexually explicit videos was transformed into the applicable law." 32 F.3d at 754 (citations omitted). Other circuit courts have done the same.[1]

---

[1] *See United States v. Robinson*, 137 F.3d 652, 654 (1st Cir. 1998) (rejecting defendant's mistake-of-law defense because, given that child pornography is subject to widespread moral sanction and legal regulations, defendants are expected to know the laws just as those involved with "inherently dangerous or deleterious products" that are heavily regulated are); *United States v. Black*, 116 F.3d 198, 202 (7th Cir. 1997) ("It is no defense that Black may have had a personal opinion about the legality of sexually explicit videos."); *United States v. Moncini*, 882 F.2d 401, 404-06 (9th Cir.

7

The fact that the defendant is charged with both conspiracy and substantive offenses makes no difference. A conspiracy to commit a substantive offense includes no greater mental-state requirement than the substantive offense itself, and, in general, it contains no requirement that the defendant knew the conduct underlying the substantive offense was unlawful. In *United States v. Feola*, the Supreme Court analyzed the general conspiracy statute, 18 U.S.C. § 371, and found that:

> [The conspiracy statute] offers no textual support for the proposition that to be guilty of a conspiracy a defendant in effect must have known that his conduct violated federal law. The statute makes it unlawful simply to 'conspire . . . to commit any offense against the United States.' A natural reading of these words would be that since one can violate a criminal statute simply by engaging in the forbidden conduct, a conspiracy to commit that offense is nothing more than an agreement to engage in the prohibited conduct.

420 U.S. 671, 687 (1975). The Court ultimately held that "where a substantive offense embodies only a requirement of mens rea as to each of its elements, the general federal conspiracy statute requires no more." *Id*. at 692. Likewise, in *United States v. Jones*, the Fifth Circuit held that a § 371 conspiracy requires a "conspirator [to] intentionally agree to join others in a concerted effort to achieve an illegal act." 642 F.2d 909, 914 (5th Cir. 1981). The court in *Jones* continued:

> Whether the [conspirators] actually intended to act illegally is not important. Even if the conspirators were unaware that the plan to 'cash checks' was illegal, their intent to agree on the acts and their intent to complete the acts will render them liable. Mistake of law is no defense to the underlying crime or the conspiracy charge.

*Id.*

---

1989) (rejecting mistake-of-law defense under 18 U.S.C. § 2252 because "[t]he child pornography laws are directly related to a commonly understood moral censure" and due process does not prohibit "convicting a defendant who has unwitting broken the law through conduct which an ordinary person would not assume to be at least potentially criminal").

8

For these reasons, any claim that the defendant did not know that the images of Minor Victim A were illegal is irrelevant, prejudicial, and confusing to the jury. The defendant and her counsel should be prohibited under Rules 402 and 403 from raising such an argument or introducing any evidence in support before the jury in this case.

### C. The Defendant should be prohibited from referring to potential penalties if convicted.

The defendant should not be permitted to present to the jury any evidence, testimony, or arguments concerning the potential penalties she faces if convicted because potential punishments are irrelevant and would impermissibly appeal to the jury's sympathy.

"The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Shannon v. United States*, 512 U.S. 573, 579 (1994). "Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.*; *see also United States v. Buchner*, 7 F.3d 1149, 1153-54 (5th Cir. 1993) ("The jury is not allowed to consider a defendant's potential sentence as part of its deliberations."); Fifth Cir. Patt. Jury Instr. 1.20 (instructing the jury that the potential penalties faced by the defendant "should not enter your consideration or discussion."). The jury judges the facts of the case, and any reference to the possible sentence, or other consequences of their decision, confuses the issue or issues to be decided. *See United States v. Painter,* No. 2013 WL 5238484, at *3 (M.D. La. Sept. 17, 2013) (quoting *Pope v. United States,* 298 F.2d 507, 508 (5th Cir. 1962)).

The defendant is facing a mandatory minimum sentence of 15 years and a maximum of 30 years on Counts One and Two. 18 U.S.C. § 2251(e). For Counts Three and Four, the defendant faces a mandatory minimum sentence of five years and a maximum of 20 years. 18 U.S.C. § 2252A(b)(1). Any direct or indirect reference to these potential penalties or punishment could prejudice the jury and confuse it as to what its role is in the trial. The government's request would also preclude any person, including the defendant, from giving testimony on the defendant's future because this would put the issue of penalties in front of the jury. The United States believes that this prohibition should extend to any questions asked of the minor victim about her feelings towards her mother, which parent she wants to live with, or the penalties her mother may face upon conviction.

The government's request would not prevent defense counsel from cross-examining cooperating witnesses on whether they reached an agreement to cooperate with the government, or whether they expected to receive a benefit from cooperating against the defendant, including a sentence reduction.

### III.  CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court exclude from trial any evidence, testimony, or arguments on the matters identified above.

Respectfully submitted, this 23rd day of December, 2024.

                                         UNITED STATES OF AMERICA, by

                                         RONALD C. GATHE, JR.
                                         UNITED STATES ATTORNEY

                                         /s/ Kristen Lundin Craig
                                         Kristen Lundin Craig, LBN 32565
                                         Ben Wallace, LBN 39516
                                         Assistant United States Attorneys
                                         777 Florida Street
                                         Baton Rouge, Louisiana  70801
                                         Telephone: (225) 389-0443
                                         Fax: (225) 389-0561
                                         E-mail: kristen.craig@usdoj.gov
                                         E-mail: benjamin.wallace@usdoj.gov