**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 23-77-BAJ-RLB |
| *versus* : | |
| : | |
| HANNAH KINCHEN : | |

**MEMORANDUM IN SUPPORT OF *MOTION IN LIMINE* REGARDING THE PRESENTATION OF CHILD PORNOGRAPHY EVIDENCE AND OTHER EVIDENCE DEPICTING THE MINOR VICTIM**

The United States of America, through the undersigned Assistant United States Attorneys, respectfully moves this Court *in limine* for an order permitting it to present to the jury at the upcoming trial in this case images that show the minor victim's face without redaction.

**I.   BACKGROUND**

At the pretrial conference on December 12, 2024, the parties discussed the presentation of certain evidence, including child pornography and other depictions of the minor victim in this case. All parties agreed that these images will not be presented to the gallery and are otherwise mindful of the obligation to protect the minor victim's privacy pursuant to 18 U.S.C. § 3509(d). In furtherance of that goal, the Court requested that the face of the minor victim be redacted in the images that will be shown to the jury and the witness. The government requested an opportunity to discuss this further before agreeing to sanitize the images from the jury in this way. Now, in preparing its trial exhibits—all of which will be made available to the defendant for review prior to trial—the government seeks to allow the jury to view unredacted images of the minor victim.[1]

---

[1] All of the images of the minor victim that the United States intends to use at trial have been previously shown to and/or made available to defense counsel for review at the FBI's Baton Rouge office.

1

## II.  ARGUMENT

Generally speaking, the United States has the discretion to choose which evidence to present and how to present it. *See Old Chief v. United States*, 519 U.S. 172, 183 (1997) ("[A] defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense."); *United States v. Caldwell*, 586 F.3d 338, 342 (5th Cir. 2009). This principle follows from the fact that the United States must carry the burden of proof at trial, meaning it should be afforded reasonable leeway in determining the most effective ways to present evidence.

The defendant is charged with four counts involving child pornography. Accordingly, the child pornography itself is an essential component of the government's case. In Count One, the government must prove beyond a reasonable doubt that the defendant conspired with someone else to use, persuade, induce, entice, or coerce the minor victim to engage in "sexually explicit conduct." *See* 18 U.S.C. § 2251(a),(e). In Count Two, the government must show, *inter alia*, that the defendant knowingly permitted the minor victim to engage in "sexually explicit conduct." 18 U.S.C. § 2251(b). Likewise, for Counts Three and Four, the government must prove, *inter alia*, that the defendant conspired to distribute "child pornography" and knowingly received or attempted to receive "child pornography." 18 U.S.C. § 2252A(a)(2),(b)(1).

"Child pornography" is defined, in turn, as a visual depiction of a minor engaged in sexually explicit conduct, the production of which "involves the use of a minor engaging in sexually explicit conduct." *See* 18 U.S.C. § 2256(8). The government submits that satisfying the elements of these offenses necessarily requires the jury to view a sample of unredacted visual depictions of the minor victim engaged in sexually explicit conduct that the defendant agreed with

someone else to produce and distribute, and that the defendant knowingly received and permitted the minor victim to engage in.

Only one definition of "sexually explicit conduct" is relevant in this case—whether the visual depiction constitutes "the lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v).  A "lascivious exhibition" has been defined as "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *United States v. McCall*, 833 F.3d 560, 563 (5th Cir. 2016) (quoting *United States v. Steen*, 634 F.3d 822 (5th Cir. 2011).

To determine whether a visual depiction constitutes a lascivious exhibition, a jury must consider the overall content of the material. *See, e.g.*, Fifth Cir. Patt. Jury Instr. 2.84 (2024). The jury may consider such factors as: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; (3) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the depiction is designed to elicit a sexual response in the viewer. This list of factors—derived from *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986) and commonly known as the "Dost" factors—is not exhaustive, and no single factor is dispositive.

Here, some of the images selected as trial exhibits do not depict the minor victim's face (because, for instance, they depict the minor victim bent over and posing on all fours, with the camera zoomed in on the anus). *See* Rec. Doc. 40, at 9-10.  Other images, however, do depict the

3

minor victim's face. It is the government's position that these images cannot, and should not, be redacted for the jury. In order to properly consider the *Dost* factors and ultimately determine whether or not the visual depictions constitute a "lascivious exhibition"—an essential element of all four charges—the jury has to be able to view the minor victim's face. *See, e.g.*, *United States v. Esposito*, No. CR 17-156-JWD-RLB, 2019 WL 165710, at *3 (M.D. La. Jan. 9, 2019) (reiterating that the issue of whether a video shows "sexually explicit conduct" is a question for the jury).

The defendant has offered to stipulate to the identity and age of the minor victim. As an initial matter, no stipulation has been reached at this time. However, even if the defendant were to stipulate to these facts, consideration of the minor victim's face in the context of the photograph is highly relevant to whether the visual depiction suggests "sexual coyness" or a "willingness to engage in sexual activity", as well as whether the depiction is designed to "elicit a sexual response in the viewer." *See, e.g.*, *Steen*, 634 F.3d at 828 & n.29 (finding that the sixth *Dost* factor is especially relevant in a production case); *cf. United States v. Overton*, 573 F.3d 679, 688 (9th Cir. 2009); *United States v. Rivera*, 546 F.3d 245, 250 (2d Cir. 2008).

The jurors need to observe the visual depiction, as a whole, to draw inferences about issues such as knowledge and intent, and the visual depictions may serve to undermine exculpatory claims by the defendant. *See, e.g.*, *United States v. Naidoo*, 995 F.3d 367, 376–77 (5th Cir. 2021) (no error when district court admitted images and videos of child pornography because the government sought to establish defendant's knowledge); *Caldwell*, 586 F.3d at 343 (noting that "the specific videos published . . . reflected how likely it was that the defendant knew that the video depicted child pornography (which knowledge the stipulation did not mention)"); *United States v. Luck*, 852 F.3d 615, 624-26 (6th Cir. 2017) (no error when district court denied defense

4

motion to require the government to stipulate to the nature of the child pornography images because they "play[] a vital role in the government's narrative of the concrete events comprising the charged offense" and "the images in a child pornography prosecution have multiple utility, tending to establish both the fact that they are pornographic *and* the fact that defendant acquired . . . the images *knowing* they depicted child pornography"). Only by viewing an unredacted image—which shows the facial expression of the minor victim—will the jury be able to determine whether the particular depictions at issue constitute a forbidden "lascivious exhibition of the anus, genitals, or pubic area."

Moreover, "child pornography cases are especially susceptible to a wide range of strong emotional responses, including disbelief that a defendant would commit the act in question. Showing the actual images paints a portrait far more vivid than a sanitized stipulation, thereby establishing for the jury 'its human significance,' and in the process 'implicating the law's moral underpinnings and a juror's obligation to sit in judgment.'" *Luck*, 852 F.3d at 626 (quoting *Old Chief*, 519 U.S. at 187-88); *see also*; *Caldwell*, 586 F.3d at 343 (explaining that a defendant's stipulation "does not have the same evidentiary value as actually seeing the particular explicit conduct of the specific minors" and affirming conviction where jury was shown, over defendant's objection, three short excerpts from three of the 17 videos on defendant's computer, despite defendant's stipulation). It would be unfair and unreasonable to obscure the true nature of the evidence of defendant's guilt from the jury:

> [C]hild pornography is graphic evidence that has force beyond simple linear schemes of reasoning. It comes together with the remaining evidence to form a narrative to gain momentum to support jurors' inferences regarding the defendant's guilt. It provides the flesh and blood for the jury to see the exploitation of children.

*Caldwell*, 586 F.3d at 343. Seeing the evidence and the face of the minor victim for themselves enables the jurors to make a direct, human connection that cannot be duplicated or substituted by

5

mere testimony or written stipulation, and the importance of which cannot be overstated. Indeed, "[j]urors have expectations as to the narrative that will unfold in the courtroom," and "[i]f those expectations are not met, jurors may very well punish the party who disappoints by drawing a negative inference." *Id.*

### III. CONCLUSION

For the reasons set forth above, the United States respectfully requests that the above-referenced evidence be admitted without redactions for the jury to review.

Respectfully submitted, this 23rd day of December, 2024.

        UNITED STATES OF AMERICA, by

        RONALD C. GATHE, JR.
        UNITED STATES ATTORNEY

        /s/ Kristen Lundin Craig
        Kristen Lundin Craig, LBN 32565
        Ben Wallace, LBN 39516
        Assistant United States Attorneys
        777 Florida Street
        Baton Rouge, Louisiana  70801
        Telephone: (225) 389-0443
        Fax: (225) 389-0561
        E-mail: kristen.craig@usdoj.gov
        E-Mail: benjamin.wallace@usdoj.gov