## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 23-77-BAJ-RLB |
| *versus* | : | |
| | : | |
| HANNAH KINCHEN | : | |

### MEMORANDUM IN SUPPORT OF *MOTION IN LIMINE* TO ADMIT IMAGES OF THE DEFENDANT

The United States hereby moves *in limine* to admit at trial certain partially nude images of the defendant that are highly probative of her knowledge and intent to agree to produce child pornography and to permit Minor Victim A to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

I.   **BACKGROUND**

Among the charges the defendant is facing are: (1) conspiracy to produce child pornography in violation of 18 U.S.C. §§ 2251(a) & (e) (Count One); and (2) production of child pornography by a person having control of a minor victim in violation of 18 U.S.C. § 2251(b) (Count Two). To convict the defendant on Count One, the United States will have to prove that the defendant knowingly agreed with another person to produce child pornography. To convict the defendant on Count Two, the United States will have to prove that the defendant knowingly permitted Minor Victim A to engage in "sexually explicit conduct," that is, a "lascivious exhibition of the anus, genitals, or pubic area," with the intent to produce a visual depiction of such conduct. *See* 18 U.S.C. § 2256(2)(A)(v) (defining "sexually explicit conduct"). Among the evidence that the United States seeks to introduce at trial to prove the knowledge and intent of these crimes are certain partially nude images of the defendant.

1

In October 2020, the defendant and Minor Victim A traveled to a residence in Texas to meet with a photographer. During the ensuing photo shoot, many photographs were taken of Minor Victim A striking various poses in and around a pool at the residence. The United States intends to argue at trial that at least some of these images constitute child pornography.

But Minor Victim A was not the only person photographed that day. The photographer also took pictures of the defendant. In the pictures, the defendant is topless. The only clothing on her body is white thong bikini bottoms. In some of the pictures, the defendant's breasts are visible. In others—for example, when the defendant's arm is covering her breasts, or when she is facing away from the camera—her breasts are not visible.

The reason these partially nude images are so relevant is that the poses struck by the defendant were eerily similar to some of the poses struck by Minor Victim A that same day at that same location.

At trial, the United States anticipates that the defendant will argue that she never agreed with anyone else to produce child pornography and that she never permitted Minor Victim A to engage in sexually explicit conduct with the intent that child pornography be produced from it. The topless images of the defendant, however, are strong evidence of the defendant's knowledge and intent to do both. These images show not only that the defendant was present during the production of child pornography, but that she in fact modeled various poses for Minor Victim A. In anticipation of a potential Rule 403 objection to the introduction into evidence and presentation of these images to the jury, the United States seeks a pre-trial order that the images will be admissible at trial.

## II.  ARGUMENT

Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice[.]" But any potential prejudice resulting from the presentation of topless images of the defendant is not "unfair" because they are intrinsic to the charged conduct. *See United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) ("Relevant evidence is inherently prejudicial[.]"). Even if some level of unfair prejudice resulted from the presentation of the images, their probative value is high and not *substantially* outweighed by a danger of unfair prejudice. *See Harrison v. Thaler*, No. 4:11-CV-695-A, 2012 WL 1409269, at *12 (N.D. Tex. Apr. 23, 2012) ("[W]hile the statement is prejudicial, it is not unfair. That is, it does not give rise to the type of prejudice contemplated by Rule 403, such as prejudice arising from emotion or bias.").

As the Fifth Circuit has explained, Rule 403's "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007). Here, the United States believes the central issue at trial will be the defendant's knowledge and intent to agree to produce and to in fact produce child pornography. Excluding highly probative evidence on these issues would not fit within Rule 403's "narrow" exception to the admissibility of relevant evidence. *See Fields*, 483 F.3d at 354 ("[W]e have recognized that Rule 403's scope is narrow.").

In *United States v. Barry*, the defendant—like the defendant in this case—was charged with conspiracy to produce child pornography and production of child pornography by a parent. 634 F. App'x 407, 408 (5th Cir. 2015) (unpublished) (per curiam). Also like this case,

3

the child pornography photographs at issue were found among many other photographs that were not child pornography. *Id.* at 409.

Just as the United States anticipates the defendant will do in this case, the defendant in *Barry* primarily claimed there was insufficient evidence to show that he knew about the photos that constituted child pornography (*i.e.*, that he only knew of the images that were *not* child pornography); that he agreed with his co-conspirator to produce them; and that he intended to produce child pornography (*i.e.*, that he produced nude images of his adopted children, but not any of the ones with them engaged in sexually explicit conduct). *Id.* at 411-12.

Rejecting these arguments, the Fifth Circuit in *Barry* considered the evidence in detail, especially "the context of the creation of the photos." *Id.* at 414. Specifically, the court recognized that the defendant "participated in producing some of the photos and arranging [the minors] to expose their genitals." *Id.* at 415. The court highlighted this as key evidence of the defendant's intent to produce child pornography, ultimately affirming his convictions. *See id.* at 414-15.

Here, the topless photographs of the defendant are strong evidence of her intent to permit Minor Victim A to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. *See* 18 U.S.C. § 2251(b). The United States intends to present corroborating evidence, including possible testimony, establishing that the defendant was essentially showing Minor Victim A the ropes to make her more comfortable in what was an inherently uncomfortable setting for a minor. Because the probative value of these photographs is so high, they should be admitted at trial over any Rule 403 objection.

To aid the court in evaluating the relevance of the defendant's nude images, the United States is prepared to file its intended exhibit under seal for the court's consideration prior to

4

ruling. The United States also offers to redact the defendant's breasts from its exhibits if necessary.

## IV.    CONCLUSION

The topless images of the defendant are highly relevant to proving that she knowingly agreed to produce child pornography. They are also highly relevant to proving that she in fact permitted Minor Victim A to engage in sexually explicit conduct for the purpose of producing child pornography. Presentation of such images to the jury will not cause any unfair prejudice. Even if it did, any possible unfair prejudice would not *substantially* outweigh the high probative value of the images. The United States therefore respectfully requests an order that certain partially nude images of the defendant will be admissible at trial as relevant evidence of her knowledge and intent to agree to produce and to in fact produce child pornography.

Respectfully submitted, this 23rd day of December, 2024.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY


/s/ Kristen Lundin Craig
Kristen Lundin Craig, LBN 32565
Ben Wallace, LBN 39516
Assistant United States Attorneys
777 Florida Street
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: kristen.craig@usdoj.gov
E-mail: benjamin.wallace@usdoj.gov