UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET NO. 23-77-BAJ-RLB |
| VERSUS | JUDGE BRIAN A. JACKSON |
| HANNAH KELLY KINCHEN | |

RESPONSE AND OBJECTION TO
*MOTION IN LIMINIE*
TO EXCLUDE IMPROPER EVIDENCE AND ARGUMENTS

**HANNAH KELLY KINCHEN**, by and through the undersigned counsel, respectfully submits this Response and Objection to Motion in Liminie to Exclude Improper Evidence and Arguments, for the reasons set forth below:

**Section "A" of the Motion entitled "Lascivious Exhibition of the Genitals or Public Area" Does Not Require Nudity"**

1. Section "A" is agreeable as written in the conclusion. The defense will in fact argue that the lack of nudity should be considered by the jury in determining whether the images in this case violate federal law but will not argue that nudity is *required*.

**Section "B" of the Motion entitled "The Defendant's belief about the legality of the images is irrelevant and prejudicial"**

2. The measure of admissibility addressed in the Federal Rules of Evidence, Rule 403, is "unfair prejudice". It is not prejudice, or highly prejudicial, as all evidence in favor of the defendant is "prejudicial", and even "highly prejudicial" to the case of the United States. There is no assertion in the memorandum in support of this motion asserting an "unfair" prejudice as contemplated in the law.

3. An argument that the defendant believed the pictures to be legal to defeat the application of the law is in fact irrelevant under the Federal Rules of Evidence, Rule 402, and no such argument will be made by the defense.

4. Section "B" of the motion should be denied on its face for failure to state a claim of "unfair prejudice" either in the title or argument in the section.

5. In the alternative, the following paragraphs elucidate the relevancy of the defendant's belief.

6. The defendant in this case brought her daughter to take modeling pictures. She did so with many more photographers other than the person who took the pictures that are the subject of this prosecution. The defendant brought her daughter to two (2) photo shoots with the photographer who took the pictures that are the subject of this prosecution from between July 2020 and October 2020.

7. After receiving only some of the photographs taken in the first photo shoot, the defendant expressed to the photographer that she was not comfortable with some of them and that she wanted them destroyed. She believed these photos to be inappropriate, but not illegal.

8. After receiving only some of the photographs taken in the second photo shoot, the defendant expressed to the photographer that she was not comfortable with some of them and that she wanted them destroyed.

9. In both cases, though the defendant knew the photos were being posted and sold, she was clear with the photographer that the inappropriate photos should have been destroyed and not shared publicly for money or otherwise.

10. In October 2020 right after the second photo shoot when the defendant found those same, and other photos she had never seen, for sale in public, she immediately contacted law enforcement. Continuing through to August 2021 the defendant pursued a diligent campaign to remove the photos from the public view, including filing a civil suit in the State of Texas to enjoin the photographer from distributing to photos and repeated contact with local law enforcement.

11. In August of 2021 the defendant's husband contacted the FBI to speak to them about what was going on with his wife and stepdaughter. At that initial meeting on August 11, 2021, the defendant's husband told the FBI everything he knew about the situation and reported to them that the defendant was eager to speak to them about the photographer.

12. A week later, on August 18, 2021, the FBI came to the home of the defendant where she turned over all of her electronics and told them everything she knew – the meeting lasted for nearly two (2) hours.

13. Subsequent to that, on August 27, 2021, the defendant, her husband, and her daughter (the subject of the photos at issue in this case) went to the FBI office and spent three (3) hours there. This included given the FBI authorization to assume her identity in

    communication with the photographer, on the chat program Telegram, in further cooperation with the investigation of the photographer.

14. The defendant's cooperation continued through the months and years that followed, leading to what the defense believes are multiple convictions of at least the photographer at issue here and other persons involved in the production of child pornography and child sexual abuse crimes.

15. The defendant was indicted in September of 2023.

16. The defendant's belief in the beginning that the photos being taken of her daughter were like any others that had been taken, and therefore legal, is relevant. The defendant's belief that the photos she saw, those sent to her by the photographer, were not illegal, is also relevant. Both of these beleifs are central to her communication with the photographer and her taking her daughter to a second photo shoot, as such they are relevant to explain her behavior and subsequent participation in the second photo shoot, at the least.

17. Her subsequent realization that some of the photos he was taking of her daughter were certainly inappropriate, and possibly illegal, explains her repeated contact with law enforcement and her eventual cooperation with the FBI in his prosecution. Her impression of the photos not being illegal at first is central to telling the story of how she eventually realized what the photographer was doing and reporting him to law enforcement. This belief, and her evolution in thinking, are central to her defense and relevant to explain her behavior and thinking.

**Section "C" of the Motion entitled "The Defendant should be prohibited from referring to potential penalties if convicted"**

18. The mandatory minimum sentences in the crimes charged takes the full function of sentencing away from the Court. If the jury's verdict of guilty alone carries with it a minimum number of years, then by extension the jury is involved in sentencing, as those minimum years will be imposed on the verdict alone.

19. Because the jury is involved in sentencing, it is important that the jury understand the sentence they direct with a guilty verdict.

20. The jury should be informed of the minimum sentences related to the crimes charged.

**WHEREFORE, HANNAH KELLY KINCHEN** prays that this Court consider this Response and Objection to *Motion in liminie* to exclude improper evidence and arguments, and rule consistent with the law and in favor of the defense as follows:

1. Section "A", Denied as moot, as the defense will not argue contrary to the law as the United States suggests; and
2. Section "B", Denied as to the exclusion of the belief of the defendant, as the information sought to be excluded is admissible as it is material and relevant the defense's case; and
3. Section "C", Denial of the exclusion of referring to the mandatory minimum sentencing, as these kinds of sentences grant the jury part of the sentencing function.

RESPECTFULLY SUBMITTED:

  /s/ Jarrett P. Ambeau
JARRETT P. AMBEAU (32089)
THE AMBEAU LAW FIRM
4970 Bluebonnet Blvd., Ste. C
Baton Rouge, LA 70809
Telephone: (225) 330-7009
Facsimile: (225) 960-5864
Email: jarrett@ambeaulaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2024, a copy of the foregoing *Response and Objection to Motion in Liminie to Exclude Improper Evidence and Arguments* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to ECF/Email to all parties by operation of the court's electronic filing system.

*/s/Jarrett P. Ambeau*
Jarrett P Ambeau