UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 23-77-BAJ-RLB |
| *versus* : | |
| : | |
| HANNAH KINCHEN : | |

**REPLY TO
DEFENDANT'S RESPONSE AND OBJECTION TO
UNITED STATES' MOTION IN LIMINE TO EXCLUDE
<u>IMPROPER EVIDENCE AND ARGUMENTS</u>**

The parties agree that a "lascivious exhibition of the anus, genitals, or pubic area," as defined in 18 U.S.C. § 2256(2)(A)(v), does not require nudity. Doc. 75, at 1; Doc. 72-1, at 1. The parties disagree, however, on two critical issues. First, the defendant argues—without citing legal support for the position—that she should be allowed to refer to potential penalties faced upon conviction. Doc. 75, at 5 ("The jury *should be informed* of the minimum sentences related to the crimes charged." (emphasis added)). As the United States explained in its motion *in limine*, Doc. 72-1, at 8, informing the jury of potential penalties directly contradicts longstanding Fifth Circuit precedent. *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962); *see* Fifth Circuit Pattern Instruction Number 1.22 (Caution—Punishment). This Court should reject the defendant's unsupported argument.

Second, the parties apparently disagree about the relevance of the defendant's subjective belief regarding the legality of the child-pornography images at issue. On one hand, the defendant acknowledges that her beliefs are irrelevant. Doc. 75, at 2 ("An argument that the defendant believed the pictures to be legal to defeat the application of the law is in fact irrelevant under the Federal Rules of Evidence, Rule 402, and no such argument will be made by the defense."). On

1

the other hand, the defendant continues to explain "[i]n the alternative [ . . . ] the relevancy of [her] belief." *Id.* In so doing, she lays out a yearslong timeline encompassing post-conspiracy, post-offense actions that are irrelevant to the charged conduct. Her response demonstrates how permitting the introduction of evidence about these events impermissibly risks derailing the trial. Specifically, the introduction of such evidence would confuse the issues, mislead the jury, cause undue delay, and would waste time. To the extent the Court finds that any of it is relevant, the evidence should be excluded under Rule 403 because its probative value is substantially outweighed by these concerns.

Two photoshoots generated the child-pornography images at issue in this case—a photoshoot in July 2020, and a photoshoot in October 2020. In her response, the defendant has admitted that she believed certain photographs from the July 2020 photo shoot were "inappropriate," prompting her to ask the photographer—her co-conspirator—that they be destroyed. Doc. 75, at 2. She nonetheless brought her daughter to shoot with the photographer again three months later. The defendant was apparently "not comfortable" with some of the photographs taken during the October 2020 shoot either and, according to her, asked that they be destroyed as well. Doc. 75, at 2. And even if the defendant was "clear with the photographer that the inappropriate photos should have been destroyed," she has admitted to knowing that "the photos were being posted and sold." Doc. 75, at 3. According to the defendant, she contacted law enforcement in October 2020 to report the photographer upon seeing certain photos "for sale in public."[1] Doc. 75, at 3. Thus began her purportedly "diligent campaign to remove the photos from

---

[1] The United States has requested reciprocal discovery, including the defendant's apparent report to law enforcement in October 2020 regarding the photographer. No such report has been provided to the United States, or otherwise located through law enforcement channels.

the public view." Doc. 75, at 2. If the United States is forced to rebut the defendant's alleged course of conduct on this issue, the evidence presented at trial would contradict the defendant's assertions. Contrary to the defendant's claims, her business relationship with the photographer (her co-conspirator) began in the summer of 2020 and continued through approximately February 2021 before finally souring over an apparent financial dispute—not because of the inappropriate nature of the images themselves. Indeed, the evidence would show that the defendant was perfectly comfortable using the minor victim to engage in sexually explicit conduct, as long as she was being appropriately compensated.

Counts One through Three of the indictment allege conspiracies and conduct that began "[i]n or about July 2020" and continued "through at least in or about October 2020[.]" Doc. 1.[2] Yet the defendant's response details her purported "cooperation . . . through the months and years that followed." Doc. 75, at 4. These actions, allegedly occurring many months and in some cases years after the charged conduct, are irrelevant to the defendant's knowing participation in the criminal scheme, which primarily unfolded between at least July 2020 and to at least October 2020—when the defendant agreed with the photographer to take and distribute sexually explicit photographs of the minor victim. Even if the defendant regretted her decisions afterward (and the evidence would show otherwise), that regret does not immunize her from liability or serve as a legal defense.

Any self-serving or self-protective actions the defendant may have taken are irrelevant to the jury's determination of guilt as to the four counts since they do not bear on any fact of consequence at issue. The jury must consider the defendant's mental state, her knowledge, and her actions as charged in the indictment—her continued engagement with the photographer to

---

[2] Count Four alleges conduct within that time frame—"on or about August 1, 2020." Doc. 1.

3

permit and encourage the minor victim to take sexually explicit photographs, their agreement to distribute them, and her knowing receipt of them. Allowing the defendant to point to a civil lawsuit she filed against her co-conspirator in June 2021 demanding monetary compensation is particularly irrelevant. More than that, it will confuse the issues, unduly delay the trial, waste time, and mislead the jury.[3]

Additionally, that the defendant may have offered information to law enforcement as part of her "evolution in thinking", *see* Doc. 75, at 4, is irrelevant because it does not disprove her participation in the charged conduct months earlier. Essentially, the defendant is seeking to elicit "post-crime" good deeds to show that she was a good guardian and protective of the minor victim. That, however, is not a "pertinent" character trait within the meaning of Rule 404(a)(2)(A). *See* Fed. R. Evid. 405(a) (requiring that proof to come in the form of "testimony about the person's reputation or by testimony in the form of an opinion"). To the extent any of the defendant's claimed "repeated contact" and "eventual cooperation" with law enforcement, *see* Doc. 75, at 4, is deemed relevant, this evidence must be elicited through the defendant herself—not through the questioning of the government's witnesses. Fed. R. Evid. 801(d)(2); *United States v. Shaw*, 701 F.2d 367, 388 (5th Cir. 1983) (requiring a defendant to take the witness stand, under oath, and be subject to cross-examination to offer his exculpatory story); *United States v. Sanders*, 639 F.2d 268, 270 (5th Cir. 1981) (affirming the exclusion of the defendant's statements to a witness as inadmissible hearsay).

---

[3] To the extent the defendant seeks to argue that she withdrew from the conspiracy in October 2020 when she allegedly first reported the photographer to law enforcement, that does not provide a legal defense either. *See, e.g.*, *Smith v. United States*, 568 U.S. 106, 111 (2013) ("Far from contradicting an element of the offense, withdrawal presupposes that the defendant committed the offense.")

Ultimately, if the defendant is permitted to introduce evidence of her actions many months after her criminal conduct, the United States will be forced to rebut this evidence with the testimony of multiple additional witnesses and numerous exhibits it currently does not plan to introduce in its case-in-chief. Among other things, the United States would need to introduce evidence to establish that the defendant continued to communicate with the photographer about highly sexualized photo shoots featuring the minor victim between November 2020 and through at least February 2021 (including weekend trips that would have given adult male buyers access to the minor victim); that the conflict between the defendant and her co-conspirator stemmed from financial disputes; that the defendant later sought to have the same "inappropriate" images sold exclusively on other platforms; and that the defendant repeatedly lied to law enforcement (including minimizing her involvement in the conspiracy) during the time of her purported cooperation.[4] Such rebuttal impermissibly risks turning this trial into a series of mini trials, focusing on the deterioration of the defendant's relationship with the co-conspirator rather than the criminal agreement they had, primarily between July 2020 and October 2020, and the defendant's participation in that scheme. Shifting the focus in this way will mislead the jury from the task at hand and cause undue delay.

Accordingly, the United States respectfully requests that the court exclude from trial any self-serving statements, improper character evidence, and other irrelevant and/or confusing evidence related to her conduct beyond February 2021, when her communications with the photographer in furtherance of the conspiracy ceased.

---

[4] During the investigative period cited by the defendant, law enforcement spoke to the defendant seven separate times; her shifting stories would need to be laid out in rebuttal.

Respectfully submitted, this 5th day of January, 2025.

                        UNITED STATES OF AMERICA, by

                        RONALD C. GATHE, JR.
                        UNITED STATES ATTORNEY

                        /s/ Kristen Lundin Craig
                        Kristen Lundin Craig, LBN 32565
                        Ben Wallace, LBN 39516
                        Assistant United States Attorneys
                        777 Florida Street
                        Baton Rouge, Louisiana 70801
                        Telephone: (225) 389-0443
                        Fax: (225) 389-0561
                        E-mail: kristen.craig@usdoj.gov
                        E-mail: benjamin.wallace@usdoj.gov

                        Rachel L. Rothberg, CA BN #331595
                        Trial Attorney, U.S. Department of Justice
                        Child Exploitation and Obscenity Division
                        1301 New York Avenue NW, Suite 1100
                        Washington, DC 20530
                        Telephone: (202) 603-9145
                        Email: Rachel.Rothberg@usdoj.gov