UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET NO. 23-77-BAJ-RLB |
| VERSUS | JUDGE BRIAN A. JACKSON |
| HANNAH KELLY KINCHEN | |

### MOTION TO CONTINUE TRIAL

NOW INTO COURT, **HANNAH KELLY KINCHEN**, by and through the undersigned counsel, respectfully submits this Motion to Continue Trial, for the reasons set forth below and more fully addressed in the attached memorandum:

1. The Defendant was indicted on September 7, 2023. A timely request for discovery was made by the defense immediately. The United States made a disclosure of discovery in this case, with an initial disclosure on October 4, 2023 and supplemental disclosure on January 25, 2024. Counsel for the defense was given an opportunity to examine the photographs that are the subject of this prosecution on January 22, 2024.

2. Counsel for the defense was given an additional opportunity to examine the photographs that are the subject of this prosecution on May 1, 2024. A motion to compel discovery was filed on May 17, 2024. A hearing on that motion was held on September 4, 2024; and the parties were ordered to meet and confer to resolve any remaining discovery issues. Those issues were seemingly resolved by the parties by early October 2024.

3. On December 31, 2024 the government disclosed a report of an interview with a "potential trial witness." The interview had been conducted on December 20, 2024. The interview includes statements that are contrary to the government's case and in favor of the defense.

4.      Additionally, there were documents and communications cited in the report that have not been turned over to the defense in this matter.

5.      Later that same day the defense read the email and report and responded with; (1) questions about the witness; (2) a request for the government to make him available for trial; (3) disclose his contact information; and (4) disclose the documents and communication that had not been previously given to the defense.

6.      The government responded that a report of a phone interview with this witness, on January 11, 2024; had been previously disclosed in discovery. And that the government would not be calling him as a witness.

7.      Despite the government's representation to the Court in chambers, the government DID NOT respond to the defense request. The government did not respond to the email request for information and discovery until after the status conference on January 6, 2025.

8.      After the pre-trial conference on January 6, 2024; and after being given the contact information of the witness' attorney, undersigned counsel reached out to the attorney via phone and text. I received a call back and voice mail this morning and have been unable to communicate directly with the witness' counsel as of the filing of this motion.

9.      The defense still has insufficient contact information for the witness to issue a compliant subpoena for the trial next week.

10.     The government has a continuing obligation to disclose evidence to the defense under Fed. R. Crim. P Rule 16(a). This includes specifically the defendant's statements, if the statement is within the government's possession, custody or control.

11.     It is the understanding of the defense that the documents and communication cited at the end of the late-disclosed report and requested by the defense, cited in paragraph 5 above, were provided

to the witness by the government in the interview. Ergo, in the possession, custody and control of the government at least prior to December 20, 2024.

12. The government has an affirmative duty to disclose material evidence favorable to the defense, including evidence that could be used to impeach a witness.

13. The documents and communication cited at the end of the late-disclosed report and requested by the defense, cited in paragraph 5 above, are favorable to the defense and communication that will be used to impeach a witness.

14. The witness disclosed on December 31, 2024; less than two weeks before trial, is a necessary and material witness for the defense. His new statement to the government disclosed on that date is contrary to the government's case and favorable to the defense.

15. The communication and documents referenced in that statement are contrary to the government's case and favorable to the defense and have not been previously provided to the defense in discovery.

16. The defense is not prepared to go to trial in this case without the ability to call this witness, elicit testimony consistent with his statements, and authenticate and lay a foundation for the offering of the communication and evidence contrary to the government's case and favorable to the defense.

17. This lack of preparation is not the result of defense negligence, but rather resulted from the delay in disclosure of the interview conducted on December 20, 2024, for 11 days; and the delay of disclosure of evidence, including but not limited to Brady evidence, evidence favorable to the defense, and statements of the defendant herself, until January 6, 2025; 7 days before trial.

**WHEREFORE, HANNAH KELLY KINCHEN** prays that this Court consider the pleadings herein, and the attached memorandum, and continue this trial until the next available date on the Court's calendar.

RESPECTFULLY SUBMITTED:
THE AMBEAU LAW FIRM

  /s/ Jarrett P. Ambeau
JARRETT P. AMBEAU (32089)
MAEGHEN E. KLING (38965)
4970 Bluebonnet Blvd., Ste. C
Baton Rouge, LA 70809
Telephone: (225) 330-7009
Facsimile: (225) 960-5864
Email: jarrett@ambeaulaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2025, a copy of the foregoing *Motion to Continue Trial* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to ECF/Email to all parties by operation of the court's electronic filing system.

*s/Jarrett P. Ambeau*
Jarrett P Ambeau