UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL DOCKET NO. 23-77-BAJ-RLB** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **HANNAH KELLY KINCHEN** | |

### MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE TRIAL

The Defendant was indicted on September 7, 2023. A timely request for discovery was made by the defense immediately. The United States made a disclosure of discovery in this case, with an initial disclosure on October 4, 2023, and supplemental disclosure on January 25, 2024. Counsel for the defense was given an opportunity to examine the photographs that are the subject of this prosecution on January 22, 2024.

Counsel for the defense was given an additional opportunity to examine the photographs that are the subject of this prosecution on May 1, 2024. A motion to compel discovery was filed on May 17, 2024. A hearing on that motion was held on September 4, 2024; and the parties were ordered to meet and confer to resolve any remaining discovery issues.

During the second meeting with the government to review the pictures in the case, in May of 2024, it was discovered that the government had not turned over communication between the defendant and the alleged conspirator – Telegram messages extracted by the government. The defense requested those messages and was told they had to be redacted first. The defense received those redacted messages on October 1, 2024. This was the first time the government made a representation that all evidence was turned over to the defense, except the pictures that are the subject of the matter, and was mistaken in that representation.

On December 31, 2024, the government disclosed a report of an interview with a potential trial witness – Thomas Gravely. The interview had been conducted on December 20, 2024. The interview includes statements that are contrary to the government's case and in favor of the defense:

Additionally, there were documents and communications cited in the report that have not been turned over to the defense in this matter. Specifically, the report reads:

> A copy of the screenshots of the Instagram chats between Gravely and Durthschi [the alleged co-conspirator], Square transactions between Kinchen [the defendant] and Gravely, screenshots of Telegram messages between Kinchen and Gravely, and text messages between Gravely and Kinchen will be maintained as a physical 1A. Gravely identified himself in all of the listed messages. Interview notes will be maintained as a physical 1A.

Later that same day the defense read the email and report and responded with; (1) questions about the witness; (2) a request for the government to make him available for trial; (3) disclose his contact information; and (4) disclose the documents and communication that had not been previously given to the defense.

The government responded that a report of a phone interview with this witness, on January 11, 2024; had been previously disclosed in discovery – name of the witness redacted. And that the government would not be calling him as a witness.

Despite the government's representation to the Court in chambers, the government DID NOT respond to the defense request. Counsel for the government claimed in chambers to have sent an email with the requested information, going so far as pulling up an email on a cell phone and showing

it to defense counsel. The email shown to the defense, and sent again in chambers, was sent before the defense response and were copies of Telegram messages not related to this witness.

The government finally responded to the email request for information and discovery after the status conference on January 6, 2025. Of the five (5) documents disclosed, only one (1) of them has been BATES stamped, and then only 3 of 11 pages. This is a clear indication that only a portion of one document in this disclosure of evidence was previously disclosed to the defense.

As to the documents disclosed:

1. Instagram chats between Gravely and Durthschi [the alleged co-conspirator] – **NOT previously disclosed, documents disclosed numbered pages 9856 to 9906.**

2. Square transactions between Kinchen [the defendant] and Gravely – **NOT previously disclosed.**

3. Screenshots of Telegram messages between Kinchen and Gravely – **NOT previously disclosed.**

4. Text messages between Gravely and Kinchen – **3 of 11 pages BATES stamped. Pages 20,474 to 20,475; and page 20,553; are part of a disclosure of a phone image totaling 69,164 pages. The other 8 pages are not BATES stamped and have not been previously disclosed to the defense.**

Having received this evidence just yesterday at 3:46 p.m., it is now clear that one of the documents, #1 above, is just a part of a much larger document containing statements of the alleged co-conspirator, pages 9856 to 9906. The defense is now very concerned that after the co-conspirator takes the stand at trial for the government that the government will disclose, consistent with the Rules, his previous statements of more than 10,000 pages to the defense. Obviously without a continuance there would be an inadequate amount of time to consume those statements in preparation for cross-

examination. It cannot be possible that there are not statements in that 10,000 pages that can be used to impeach the witness, the co-conspirator.

After the pre-trial conference on January 6, 2024; and after being given the contact information of the witness' attorney, undersigned counsel reached out to the attorney via phone and text. I received a call back and voice mail this morning and have been unable to communicate directly with the witness' counsel as of the filing of this motion. In the voice mail the attorney stated that a text was not sufficient to answer my questions and that we would need to speak via telephone, but further that she was in a hearing today and would not be available until later.

The defense still has insufficient contact information for the witness to issue a compliant subpoena for the trial next week.

The government has a continuing obligation to disclose evidence to the defense under Fed. R. Crim. P Rule 16(a). This includes specifically the defendant's statements, if the statement is within the government's possession, custody or control.

It is the understanding of the defense that the documents and communication cited at the end of the late-disclosed report and requested by the defense, cited in paragraph 5 above, were provided to the witness by the government in the interview. Now having received the evidence requested, it is clear that all of the evidence has been in the possession, custody and control of the government since well before the defendant was indicted in September of 2023. And yet none of it was disclosed until yesterday afternoon, 6 days before the trial.

Given the nature of the evidence disclosed yesterday, its obvious numbering and the pages not received, and the previous erroneous claims of disclosure of evidence by the government on two occasions, the defense is very concerned that there is more evidence not disclosed in violation of the Rules.

The government has an affirmative duty to disclose material evidence favorable to the defense, including evidence that could be used to impeach a witness. The documents and communication cited at the end of the late-disclosed report and requested by the defense, cited in paragraph 5 above, are favorable to the defense and communication that will be used to impeach a witness.

The witness disclosed on December 31, 2024; less than two weeks before trial, is a necessary and material witness for the defense. His new statement to the government disclosed on that date is contrary to the government's case and favorable to the defense. Now having received the evidence, it is clear that the communication and documents referenced in that statement are contrary to the government's case and favorable to the defense and have not been previously provided to the defense in discovery.

The defense is not prepared to go to trial in this case without the ability to call this witness, elicit testimony consistent with his statements, and authenticate and lay a foundation for the offering of the communication and evidence contrary to the government's case and favorable to the defense.

Additionally, it is clear from the disclosure that there is additional evidence, specifically the other 10,000 pages of communication by the co-conspirator on Instagram, some of which are with the witness Thomas Gravely, at the very least, that have not been disclosed to the defense. The defense cannot read anything close to 10,000 pages during the trial and the government is required to disclose that evidence, to impeach a witness, prior to cross-examination. This is further hampered the defense preparation for trial and puts the defense in the terrible position of knowing there is additional evidence that may support the defense case and assist in cross-examination of a witness, but un-disclosed in discovery.

The defense cannot offer to the court an assurance that they are prepared and will be effective in the defense in this case. Specifically, and only, because the government has failed to meet their obligation to disclose evidence consistent with the law.

This lack of preparation is not the result of defense negligence, but rather resulted from the delay in disclosure by the government, including but not limited to, disclosure of the interview conducted on December 20, 2024, for 11 days; and the delay of disclosure of evidence, including but not limited to Brady evidence, evidence favorable to the defense, and statements of the defendant herself, until January 6, 2025; 7 days before trial.

The defense is respectfully, and reluctantly after months of diligent preparation, asking the Court to continue the trial so the defense has an opportunity to properly prepare. The witness in question must be subpoenaed to the trial for the defense and undersigned counsel has not even spoken to his attorney, much less the witness himself, as of the filing of this motion.

Additionally, it appears clearly from the discovery disclosure yesterday afternoon, 6 days before trial, that there is a large volume of discoverable evidence not yet turned over to the defense, specifically the other approximately 10,000 pages of Instagram communication by the co-conspirator in this case.

It is for the reasons above, outside of the control and responsibility of the defense, and the pursuit of justice and fairness, that the defense asserts that they are not prepared to go to trial on January 13, 2025; and request that a continuance be granted and the trial be reset for the next available date.

RESPECTFULLY SUBMITTED:
THE AMBEAU LAW FIRM

/s/ Jarrett P. Ambeau
JARRETT P. AMBEAU (32089)
MAEGHEN E. KLING (38965)
4970 Bluebonnet Blvd., Ste. C
Baton Rouge, LA 70809
Telephone: (225) 330-7009
Facsimile: (225) 960-5864
Email: jarrett@ambeaulaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2025, a copy of the foregoing *Memorandum in Support of the Motion to Continue Trial* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to ECF/Email to all parties by operation of the court's electronic filing system.

*s/Jarrett P. Ambeau*
Jarrett P Ambeau