**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 23-77-BAJ-RLB |
| *versus* | : | |
| | : | |
| HANNAH KINCHEN | : | |

### UNITED STATES' RESPONSE TO JUROR QUESTIONNAIRE

Pursuant to the Court's Order dated January 6, 2025, the United States hereby provides its response to the Juror Questionnaires. On January 6, 2025, the parties were given a flash drive of the questionnaire responses. Rec. Doc. 80. Objections are due by 4:00pm on January 8, 2025.

The United States has reviewed the Juror Questionnaires and submits that additional questioning is needed for numerous jurors to determine whether that juror could serve fairly and impartially, or whether that juror should be challenged for cause. *See, e.g.*, Juror Participant 202326519 (stating that, if sexually explicit evidence is presented at a trial, "I would be against both the United States and the Defendant, because it would affect my well-being mentally").

This case presents charges that evoke strong feelings in ordinary people. As a result, it is normal for the voir dire process to reveal that people have feelings of disgust and even hatred toward those who sexually exploit children. That is apparent from the Jury Questionnaires reviewed by the United States. However, those feelings, even if explicitly expressed by potential jurors, do not equate to the inability to hear the evidence and follow the law as instructed by the Court. "Jurors are not robots. They are not required to suppress all emotional or visceral reactions to troubling facts. Instead, they are called upon to be impartial despite those reactions, even while they may acknowledge that doing so may be difficult." *United States v. Nosley*, 62 F.4th 1120, 1127 (8th Cir. 2023) (citing *Moran v. Clarke*, 443 F.3d 646, 650 (8th Cir. 2006). In recognition of

this, courts have held that a juror's emotional reaction to seeing images of child pornography does not necessarily render that juror unable to be fair and impartial or establish that the juror's objectivity has been compromised. *See, e.g., United States v. Spotted Horse*, 914 F.3d 596, 602 (8th Cir. 2019) (discussing the standard for replacing a juror with an alternate).

To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard." *Murphy v. Florida*, 421 U.S. 794, 800 (1975). "An initial impression about a case does not disqualify a juror if the district court accepts the juror's assurances that he or she will set aside any preconceived beliefs and follow the court's instructions." *United States v. Barraza*, 576 F.3d 798, 803 (8th Cir. 2009). Indeed, if disgust or disapproval as to the charges alone were a basis to preclude jurors, courts would be unable to seat a jury in a child exploitation case. Having bias against those who exploit children is not a basis to be stricken from the panel for cause. *See, e.g., United States v. Allen*, 605 F.3d 461 (7th Cir. 2010) (affirming denial of for-cause challenge to prospective juror in child exploitation case whose predisposition was to find those who committed crimes against children particularly heinous, which had nothing to do with whether any particular defendant was guilty of committing crimes against children, and the prospective juror stated finally that she would suspend judgment until she had heard all the evidence).

Accordingly, although the Juror Questionnaires have helped serve as a springboard for further questions put to remaining members of the array, *see Skilling v. United States*, 561 U.S. 358, 388 (2010), without further probing, it is unclear whether any particular prospective juror would truly be unable to serve impartially in the case.

Furthermore, to the extent any prospective jurors will be asked about sexual assault or other sensitive matters raised by the issues in this case, the United States requests that these jurors be allowed to answer individually at sidebar, as opposed to in open court.

Respectfully submitted, this 8th day of January, 2025.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

/s/ Kristen Lundin Craig
Kristen Lundin Craig, LBN 32565
Ben Wallace, LBN 39516
Assistant United States Attorneys
777 Florida Street
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: kristen.craig@usdoj.gov
E-mail: benjamin.wallace@usdoj.gov


Rachel L. Rothberg, CA BN #331595
Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Division
1301 New York Avenue NW, Suite 1100
Washington, DC 20530
Telephone: (202) 603-9145
Email: Rachel.Rothberg@usdoj.gov