# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

HANNAH KINCHEN                              NO. 23-00077-BAJ-RLB

## ORDER

Now before the Court is Defendant's **Motion To Continue Trial (Doc. 81, the "Motion")**. Defendant has asserted to the Court, both at the January 6 Status Conference, (Doc. 80), and through the Motion, that the Government has recently disclosed the identity of a potential witness through the release of an interview report with such potential witness that was conducted in December 2024. (Doc. 81-1 at 2). It is Defendant's position that this witness will testify in favor of the defense. (*Id*.). Related to this potential witness, the Government's interview report purportedly referenced other discovery materials, such as internet messages between the potential witness and Defendant's alleged coconspirator/accomplice, internet messages between the potential witness and Defendant, and financial transactions between Defendant and the potential witness, that had not been previously made available to Defendant. (*Id*.). Defendant requested these materials, and the Government provided them on January 6, 2025. (*Id*. at 3). Defendant believes that only a small portion of the internet messages between the potential witness and Defendant's alleged coconspirator/accomplice have been disclosed, and that these messages equate to over 10,000 pages of materials. (*Id*.). Should Defendant's alleged

coconspirator/accomplice be called as a witness, Defendant is concerned that the disclosure of these voluminous messages after the coconspirator's testimony would interrupt trial, given Defense counsel's duty to review said materials for possible impeachment purposes. (*Id*. at 3-4). Based on these events, Defendant expresses concern over whether the Government has disclosed all material evidence in this matter, and she worries that her counsel may be unable to adequately discharge his duties. (*Id*. at 5-6). Defendant further informs the Court that the potential witness will not be called to testify by the Government, and will not appear without a subpoena. (Doc. 82).

The Government strongly opposes any continuance of this matter. It argues that the contemplated testimony of the potential witness is not exculpatory and would not be admissible under the Federal Rules of Evidence. The Government further argues that Defendant is not entitled to a continuance given her failure to establish that the witness will be available and will be willing to testify on any revised trial date. Additionally, the Government asserts that the discovery requested by Defendant was previously provided, and that the time constraints described in her Motion are of her own making. Finally, and most persuasively, the Government notes that the Guardian Ad Litem and Minor Victim A's family are opposed to a trial continuance, given the difficult and sensitive nature of the issues to be addressed within.

The Court shares such sentiments, but arrives at a contrary conclusion. The Court simply lacks the information necessary to determine whether the potential witness's testimony would be exculpatory, whether the potential witness's testimony would be admissible,[1] and whether the Parties have each discharged their duties in discovery. In the absence of such information, to continue with trial as scheduled creates a risk that evidentiary errors meriting a new trial are present *ab initio*. To move forward without more information being made available to the Court potentially presents more, not less, hardship to those who understandably wish to see this matter brought to a swift end.

Therefore, considering the foregoing,

**IT IS ORDERED** that the Jury Trial set for the above-captioned matter be and is hereby **RESET** for February 10-14, 2025, beginning each day at 8:30 A.M. in Courtroom 2. **The Parties are hereby advised that *NO* further continuances of this matter will be granted, even in the case of a scheduling conflict by counsel, and that trial *will* begin on February 10, 2025.**

**IT IS FURTHER ORDERED** that a Hearing on the discovery issues raised by Defendant in her Motion be and is hereby **SET** for January 21, 2025, at 2:00 PM

---

[1] The Government contends that the offered testimony would not be admissible for reasons of hearsay. But the Government has failed to explain to the Court, and Defendant has not yet been provided an opportunity to argue, how the potential witness testimony, which includes Defendant's prior statements, could not be admissible under any hearsay exception, or under Federal Rule of Evidence 801(d)(1)(B) (assuming Defendant testifies that she was not present for or was unaware of the taking of the photographs that comprise the Government's case, and her account is challenged by the Government).

in Courtroom 2. Should the Parties resolve these disputes prior to the Hearing, notice shall be provided to the Court. In the event these disputes are not resolved, the Parties shall each provide a five (5) page memorandum to the Court by January 17, 2025, on their respective positions.

**IT IS FURTHER ORDERED** that the time attributable to this Order is excluded from the time limitations of the Speedy Trial Act. The Court finds that the ends of justice are served by this revised trial date, as proceeding with an earlier trial date in this complex case could result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7). Specifically, Defendant requires this additional time to prepare an adequate defense and to attempt to secure the participation of the witness whose identity was recently disclosed by the Government. *See* 18 U.S.C. § 3161(h)(7)(B)(i)-(ii), (iv).

Baton Rouge, Louisiana, this 8th day of January, 2025

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4