UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

HANNAH KINCHEN                              NO. 23-00077-BAJ-RLB

## ORDER

Now before the Court are the Government's **Motion In Limine To Exclude Improper Evidence And Arguments (Doc. 72), Motion In Limine Regarding The Presentation Of Child Pornography Evidence And Other Evidence Depicting The Minor Victim (Doc. 73), and Motion In Limine To Admit Partially Nude Images Of The Defendant (Doc. 74) (collectively, the "Motions")**. Defendant opposes only the Government's Motion In Limine To Exclude Improper Evidence And Arguments. (Doc. 75). For the following reasons, the Government's Motions will be granted.

I.   BACKGROUND

Defendant Hannah Kinchen was indicted by a federal grand jury on September 7, 2023, and charged with (1) Conspiracy to Produce Child Pornography, in or about July 2020 and continuing through October 2020, in violation of 18 U.S.C. §§ 2251(a) and (b); (2) Production of Child Pornography, in or about July 2020 and continuing through October 2020, in violation of 18 U.S.C. § 2251(b); (3) Conspiracy to Distribute Child Pornography, in or about July 2020 and continuing through October 2020, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1); and (4) Receipt of Child Pornography,

on or about August 1, 2020, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). (Doc. 1).

Trial for this matter is scheduled to begin on January 13, 2025. In anticipation thereof, the Government has filed the Motions presently before the Court. In brief, the Government seeks for the Court to: (1) admit partially nude images of Defendant herself, allegedly taken at similar times as those of Minor Victim A, to prove Defendant's knowledge and intent, (2) admit the unredacted images of Minor Victim A that form the basis of the charged conduct, and (3) preempt Defendant from introducing certain evidence and arguments, such as that a conviction under 18 U.S.C. §§ 2251(a), (b), and (e), or 2252A(a)(2) and (b)(1), requires a depiction of nude children or children's nude genitals, that Defendant subjectively believed the images of Minor Victim A were legal, or the potential penalties that Defendant may face if convicted.

## II.  LAW AND ANALYSIS

Federal Rule of Evidence 401 instructs that evidence is relevant if "it has any tendency to make a fact more or less probably than it would be without the evidence" and "the fact is of consequence in determining the action," while Federal Rule of Evidence 402 states that, as a general matter, relevant evidence is admissible. Knowledge and intent are elements of the charged conduct, *see* 18 U.S.C §§ 2251(a) and (b), and the issues are therefore relevant to the Government's case. Accordingly, for Defendant's partially nude photos to be excluded from trial, the photos must run afoul of Federal Rule of Evidence 403, which grants courts the ability to "exclude

relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court has reviewed the partially nude images of Defendant, and finds that their probative value is not substantially outweighed by Rule 403's listed dangers. The Government shall be permitted to introduce those partially nude images of Defendant at trial, in the same manner provided to the Court. As to the photos of Minor Victim A, the Court has likewise reviewed the images to be provided by the Government, and will allow the Government to present those images in their unredacted form.

The Court now moves to the Government's request that Defendant be barred from arguing that the relevant child pornography statutes require nudity. Defendant concurs with the Government in its reading of the relevant statutes, and will not be arguing that nudity is required for their application. (Doc. 75 at 1). The Court agrees with the Parties' reading of the relevant statutes, and the Government's request will therefore be granted.

The Government also moves the Court for an order barring Defendant from raising arguments as to her subjective belief about the illegality of the images. (Doc. 72-1 at 6). According to the Government, such arguments are irrelevant and highly prejudicial. (*Id.* at 7-9 (citing *United States v. Knox*, 32 F.3d 733, 753 (3d Cir. 1994); *United States v. Robinson*, 137 F.3d 652, 654 (1st Cir. 1998); *United States v. Black*, 116 F.3d 198, 202 (7th Cir. 1997); *United States v. Moncini*, 882 F.2d 401, 404-06 (9th

Cir. 1989))). Defendant responds by agreeing with the Government that her subjective belief about the legality of the images of Minor Victim A is irrelevant to the applicability of the federal child pornography statutes, but that Defendant's belief *is* relevant to Defendant's decision to take Minor Victim A to a second photo shoot (with the photographer who previously took allegedly pornographic images of Minor Victim A). (Doc. 75 at 4). Defendant's parsing on this issue fails to pass muster. The Court finds that Defendant's subjective belief about the legality of the images taken is irrelevant to the charged conduct, and Defendant will not be permitted to present such argument. This ruling does not abrogate Defendant's ability to raise the defense that the allegedly pornographic images of Minor Victim A were neither revealed nor disclosed to her.

Finally, the Government moves for an order from the Court preventing Defendant from referencing the potential fines and penalties she may face should the jury find Defendant guilty. (Doc. 72-1 at 9). "Information regarding the consequences of a verdict is [] irrelevant to the jury's task," *Shannon v. United States*, 512 U.S. 573, 579 (1994), and juries are "not allowed to consider a defendant's potential sentence in [their] deliberations" *United States v. Buchner*, 7 F.3d 1149, 1153 (5th Cir. 1993). Defendant has cited to no authority in support of her assertion that the possible fines and penalties she faces are relevant to her culpability under the law, (Doc. 75 at 5), and the Court will not permit such references or argument at trial.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Government's **Motions (Docs. 72, 73, 74)** be and are hereby **GRANTED**. Both Parties shall present evidence and argument in accordance with the above.

**IT IS FURTHER ORDERED** that the Government's **Motion For Leave To File A Reply To Defendant's Response And Objection To United States' Motion In Limine To Exclude Improper Evidence And Arguments (Doc. 79)** be and is hereby **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 27th day of January, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**